UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KARIN NIELSEN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL LEES, MILWAUKEE FIRE DEPARTMENT, MILWAUKEE POLICE DEPARTMENT DISTRICT 1, MILWAUKEE COUNTRY MEDICAL EXAMINER, and WISCONSIN DEPARTMENT OF CORRECTIONS DIVISION OF COMMUNITY CORRECTIONS,<br><br>        Defendants. | Case No. 22-CV-931-JPS<br><br>**ORDER** |

On August 12, 2022, Plaintiff filed a pro se complaint alleging deprivations of her rights by Defendants during the investigation of her son's death. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, accompanied by a request for appointment of counsel. ECF No. 2. In order to allow a plaintiff to proceed without paying the $402 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). This Order addresses Plaintiff's pending motion for leave to proceed without prepaying the filing fee, screens her complaint, and addresses her request for counsel.

1.  **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise

known as a motion to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.* 461, F.2d 649, 651 (7th Cir. 1972). In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a).

A review of Plaintiff's motion here leaves the Court with an incomplete picture of her financial status. Plaintiff avers that she is unemployed but has a total monthly income of $800. She fails to explain the source of any portion of that income.[1] Plaintiff attests to owning a vehicle—on which she apparently owes nothing, since she listed "$0" in the category

---

[1] In Plaintiff's motion, she left blank the "Source of Income" section and provided no further explanation. ECF No. 2.

of "Car payment(s)"—but provides no response as to the "Approximate Current Value" and "Make and Model" of that car. In light of Plaintiff's failure to completely describe her assets as required, the Court cannot accurately determine whether she qualifies as indigent for purposes of proceeding in forma pauperis.

At this time, the Court will deny Plaintiff's motion to proceed in forma pauperis without prejudice. The Court will grant Plaintiff until **September 28, 2022** to submit a fully completed motion with all applicable questions and provisions answered—including, for example, the value of Plaintiff's vehicle and the source(s) of Plaintiff's claimed income. Alternatively, Plaintiff may pay the full $402 filing fee by **September 28, 2022**. Failure to either pay the filing fee or submit a fully completed request to proceed without prepaying the filing fee as directed will result in dismissal of this action for failure to prosecute.

## 2. SCREENING THE COMPLAINT

### 2.1 Screening Standards

A court may also screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008) (quoting *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.")). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Page 3 of 12
Case 2:22-cv-00931-JPS    Filed 08/31/22    Page 3 of 12    Document 4

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2.2 Relevant Allegations

In her complaint, Plaintiff makes vague allegations of purported deprivations of her rights by Defendants during the investigation of her son's death on August 12, 2019. She alleges that her "civil right was violated by all of the parties from each dept. that participated in this investigation of my son's death at the Roadway Inn . . . ." ECF No 1. At 9. She claims that the pathologist did not "perform a full autopsy" on her son, and that he "did not report that [her] son was also assaulted." *Id*. She states that the "detective or the police did not put in their reports that the victims [sic] car and wallet were stolen by the assailant that committed the crime." *Id*. at 7. She also claims that the hotel conspired with the police department to "withhold video and evidence of the assailant and her co-conspirators." *Id*. at 9. She seeks relief pursuant to 42 U.S.C. § 1983 and requests monetary and punitive damages. *Id*.

### 2.3 Analysis

Generally, a complaint must contain sufficient factual matter to state a claim of relief that is plausible on its face. Fed. R. Civ. P. 8(a)(2). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. To state a claim for relief under 42 U.S.C. § 1983, specifically, "a plaintiff must allege that: (1) [s]he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon [her] by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

The complaint as it exists now fails to meet these requirements. Based on the information Plaintiff provides, the Court cannot discern what cause(s) of action Plaintiff intends to raise. While Plaintiff has properly

referenced 42 U.S.C. § 1983, that provision merely provides a "cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990). Citing 42 U.S.C. § 1983 alone is not sufficient—it is merely the vehicle by which a party may bring specific constitutional claims against certain government entities and/or their agents. What Plaintiff's complaint currently lacks is reference to the constitutional right(s) allegedly implicated, as well as the particular facts giving rise to the alleged violations.

The Court will grant Plaintiff leave to amend and resubmit her complaint on or before **September 28, 2022**. If Plaintiff chooses to amend her complaint, she must clearly assert which Defendants undertook which actions, and how those actions have allegedly violated Plaintiff's rights such that Defendants are given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A bare assertion that Defendants' conduct, generally, was violative of Plaintiff's rights as a whole will not suffice. Plaintiff should attempt to describe in the amended complaint which constitutional rights were allegedly violated, and by what specific conduct on the part of Defendants.

Additionally, in amending her complaint, Plaintiff should be aware that government entities are not liable under 42 U.S.C. § 1983 for alleged violations by their employees and/or agents unless there is an underlying policy that caused the harm. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). It is not enough that the defendant, as a local government body, employs an individual who committed an alleged wrongdoing. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397,

Page 6 of 12
Case 2:22-cv-00931-JPS   Filed 08/31/22   Page 6 of 12   Document 4

403 (1997) ("[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor.").

In her complaint, Plaintiff appears to claim that various employees and/or agents of the Milwaukee Fire Department, Milwaukee Police Department District 1, and the Milwaukee County Medical Examiner improperly handled the investigation of Plaintiff's son's death. ECF No. 1. Plaintiff does not appear to allege that any of these entities' *policies or customs* violated Plaintiff's rights. Plaintiff's amended complaint, if she submits one, should address this concern if Plaintiff intends to maintain the above-listed government entities as Defendants. Alternatively, Plaintiff may consider naming as Defendants the specific individuals employed by those entities that were involved.

As regarding the Wisconsin Department of Corrections Division of Community Corrections, Plaintiff should also note that claims for monetary relief generally cannot be brought against state government entities in federal court. *MSA Realty Corp. v. State of Illinois*, 990 F.2d 288, 291 (7th Cir. 1993). Plaintiff's complaint lists as a Defendant the Wisconsin Department of Corrections Division of Community Corrections, which is part of the State itself. Plaintiff's claim for monetary recovery from the Wisconsin Department of Corrections Division of Community Corrections in this Court would therefore likely be barred by the Eleventh Amendment. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (dismissing as barred by the Eleventh Amendment claims brought by pro se plaintiff under 42 U.S.C. § 1983 against state prison and corrections department). Plaintiff should take heed of this in drafting an amended complaint.

Again, Plaintiff may alternatively consider including as Defendant(s) specific individuals employed by the Wisconsin Department

of Corrections Division of Community Corrections that were involved in the investigation, to be sued in their individual capacities. However, Plaintiff would do well to note that the Eleventh Amendment bars "suits for money damages against state officials sued in their *official capacities*." *MSA Realty Corp.*, 990 F.2d at 291 (emphasis added).

In sum, the Court will allow Plaintiff leave to amend her pro se complaint to address the above-discussed deficiencies. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of her amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

When writing her amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) Where did each person violate her rights?; and 4) When did each person violate her rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate her rights.

3.      **MOTION TO APPOINT COUNSEL**

In her request to proceed without prepayment of filing fee, Plaintiff also requested that this Court appoint her counsel. ECF No. 2. Civil litigants such as Plaintiff have neither "a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to

represent any person unable to afford counsel." The decision whether to grant a request for counsel is a discretionary one. *James*, 889 F.3d at 326.

In evaluating such a request, district courts are required to consider both "the difficulty of the case and the pro se plaintiff's competence to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Ultimately, the question is whether "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. A pro se plaintiff must not only provide the Court an explanation on these points, but must also "offer reasons why counsel should be appointed that are not common to many other *pro se* litigants." *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d at 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014). The district court is also to inquire as to whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so[.]" *Pruitt*, 503 F.3d at 654.

Normally, a court would further consider "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as any information bearing on "the plaintiff's intellectual capacity and psychological history." *Id.* at 655. In requesting counsel, Plaintiff has stated only that her "financial circumstances does [sic] not allow me to retain counsel, I would like to ask the Judge to appoint counsel." ECF. No. 2 at 4. Plaintiff has provided no justification for her request for counsel apart from citing generally her "financial circumstances." *Id*.

The Court cannot fully and accurately evaluate Plaintiff's request for counsel at this time, due in part to the deficiency of the complaint and the

total lack of supporting information for Plaintiff's request for counsel. The Court cannot determine, based on the information provided by Plaintiff thus far, what causes of action Plaintiff attempts to bring, Plaintiff's capacity to litigate the case herself, whether Plaintiff has made any reasonable attempt to obtain counsel, or any of the other considerations the Court must make.

Consequently, the Court will deny Plaintiff's request to appoint counsel without prejudice. The Court cannot properly evaluate this request until and unless Plaintiff addresses the concerns described above regarding the sufficiency of the complaint and the completion of the request to proceed in district court without prepaying the filing fee. Plaintiff may feel free to bring this motion for appointment of counsel again at that time, accompanied by a clearer justification for appointment of counsel considering the factors discussed above, if Plaintiff chooses to address those concerns. At this time, the motion for appointment of counsel is denied without prejudice.

In the meantime, the Court encloses with this Order the "Answer to Pro Se Litigants Common Questions" guide, which in addition to providing useful information on litigating a case generally, also provides information that may assist Plaintiff in finding a lawyer and/or seeking legal advice.

4.  **CONCLUSION**

Plaintiff has failed to provide sufficient detail in her motion to proceed in forma pauperis, her motion for appointment of counsel, and in her complaint. The Court will give Plaintiff until **September 28, 2022** to resubmit her motion to proceed in forma pauperis (or to pay the full filing fee) and to file an amended complaint in accordance with the instructions

herein. Failure to timely do so will result in dismissal of this case without prejudice. Civ. L.R. 41(c).

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that on or before **September 28, 2022**, Plaintiff pay the $402 filing fee or submit a fully completed motion to proceed without prepaying the filing fee;

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel, ECF No. 2, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that on or before **September 28, 2022**, Plaintiff submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form and a copy of the guide

entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 31st day August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge