UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KARIN NIELSEN,

                Plaintiff,

v.

MICHAEL LEES, MATTHEW J. PAGELSDORF, WILLIAM BUTZLAFF, JOHN ANTKOWSKI, KORY KAIS, JAMES LAUER, PAUL SPORLEDER, ENRIQUE RODRIGUEZ, LUKE WARNKE, DR. JACOB SMITH, JOHN T. CHISHOLM, BRUCE LANDGRAF, PATRICIA DOHERTY, CHRISTOPHER BEAVERSON, and ROBERT C. JAMES,

                Defendants.

Case No. 22-CV-931-JPS

**ORDER**

**1.    PROCEDURAL BACKGROUND**

On August 12, 2022, Karin Nielsen ("Plaintiff"), proceeding pro se, filed this action, alleging that her rights were violated in connection with the handling of her son's death and the investigation thereto. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. On August 31, 2022, the Court denied Plaintiff's motion to proceed in forma pauperis without prejudice as the form was not filled out completely. ECF No. 4. The Court also at that time screened Plaintiff's complaint and concluded that it required amendment to proceed. *Id*. The Court granted Plaintiff leave to file both a new motion to proceed in forma pauperis as well as an amended complaint. *Id*.

On September 28, 2022, Plaintiff filed a motion for an extension of time to file her amended complaint and her motion to proceed in forma pauperis. ECF No. 5. She also at that time filed a motion for appointment of counsel. ECF No. 6. On October 6, 2022, the Court denied Plaintiff's motion for appointment of counsel and granted her motion for an extension of time. ECF No. 7.

On October 6, 2022, Plaintiff filed her new motion to proceed in forma pauperis. ECF No. 8. She subsequently filed a document which included a motion for an extension of time to provide additional records and evidence, ECF No. 9, and her proposed amended complaint, ECF Nos. 9-1, 10. Those motions, and Plaintiff's amended complaint, are now before the Court.

**2.    MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is unemployed, unmarried, and has no dependents. ECF No. 8 at 1. She has an income of $800–$900 per month from social security. *Id*. at 3. She pays $500/month in rent and roughly $400/month in other expenses. *Id*. at 3–4. Plaintiff owns a vehicle worth approximately $4500 and has $50 in savings. *Id*. at 4. The Court is

satisfied that Plaintiff is indigent. But the inquiry does not end there; the Court must also screen the action.[1]

**3.    SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Plaintiff additionally writes that she would "like to ask the Judge to appoint counsel." *Id*. at 5. The Court has already addressed Plaintiff's previous motion for appointment of counsel. ECF Nos. 6, 7. Nothing indicates that the circumstances have changed so as to warrant renewed consideration of the request.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

4. **RELEVANT ALLEGATIONS**[2]

Plaintiff's amended complaint is again somewhat lacking in basic facts, although she has provided additional Defendant names. Her allegations relate to Defendants' alleged involvement in the investigation of her son's death.

Plaintiff's son was found deceased at a Roadway Inn on August 12, 2019. From what the Court can discern, Plaintiff alleges that her son was the victim of a robbery and assault at some point prior to his death. Plaintiff alleges that when the various Defendants arrived at the Roadway Inn to investigate the death of her son, they failed to handle the investigation properly and failed to report that her son had been the victim of robbery and assault. Plaintiff alleges that the perpetrator of these crimes against her son was assisted by "co-conspirators," although if she is aware of the identity of this perpetrator, she has not made that clear to the Court. Plaintiff claims that this perpetrator was at one point in 2020 located at a women's shelter in Colorado and that her location was known to police there, but that they did not attempt to apprehend her.

---

[2]The following factual allegations are drawn from Plaintiff's amended complaint, which appears in identical form in two docket entries. *See* ECF Nos. 9-1, 10.

Specifically, Plaintiff alleges that Officer Matthew J. Pagelsdorf failed to report an assault and robbery of her son. Milwaukee Fire Department Medical Technicians "William Butzlaff, John Antkowski, Kory Kais, James Lauer, Paul Sporleder, [and] Enripe [sic] Rodriguez," as well as Detective Michael Lees, are alleged to have also failed to report the assault on Plaintiff's deceased son.

Plaintiff also alleges that in addition to failing to report the assault and robbery of her son, forensic investigator Luke Warnke also failed to report and collect all the evidence from the crime scene. The autopsy pathologist, Dr. Jacob Smith, MD, is alleged to have not tested her son's "gastric" at the request of the police, and did not report that her son had injuries from an assault.

Plaintiff further alleges that District Attorney John T. Chisholm, Deputy District Attorney Bruce Landgraf, and Assistant District Attorney Patricia Doherty failed to prosecute the assailant and "her co-conspirators" for the death of her son. Plaintiff claims that this constitutes a violation of "Marsy's Law."[3] Colorado State Patrol Officer Christopher Beaverson is alleged to have "failed to apprehend the assailant in Colorado" where she was apparently located at a women's shelter. Plaintiff alleges that Morgan County District Attorney Robert C. James had knowledge of this "fugitive['s]" whereabouts.

---

[3] Marsy's Law appears to be a matter of state law. Marsy's Law was a "constitutional amendment to Article I, section 9m, of the Wisconsin Constitution" and it created "additional rights and protections for crime victims in Wisconsin." Office of Open Government Advisory: Marsy's Law and Public Records, Wisconsin Department of Justice, https://www.doj.state.wi.us/news-releases/office-open-government-advisory-marsy%E2%80%99s-law-and-public-records (May 13, 2021).

Plaintiff seeks relief for negligent infliction of intentional distress ("NIED"). She seeks compensatory damages, punitive damages, and restitution for "stolen car, money, wallet" and restitution for the loss of her son's income. She does not indicate whether she demands a jury, having left that section blank. Plaintiff writes that she has jurisdiction pursuant to 28 U.S.C. § 1331, but it is not clear what federal claim, if any, she attempts to raise. She did not check the box indicating that she is "suing under state law" and accordingly did not provide an amount in controversy.

5. **SCREENING ANALYSIS**

    5.1 **Jurisdiction**

As an initial matter, the Court must analyze whether Plaintiff may properly be before this Court. Her amended complaint alleges state law claims (NIED), but does not clearly identify a federal claim for purposes of federal question jurisdiction.

Plaintiff's claims appear to revolve generally around allegations of deficient state, county, and municipal employee performance. She does not allege that these individuals acted intentionally wrongfully or maliciously or that there was some ulterior motive behind their performance. She does not allege that Defendants engaged in some sort of cover-up relating to the circumstances of her son's death. She appears to merely allege that their performance was lacking and unsatisfactory. "Negligence is insufficient for constitutional liability." *Miller v. Randolph Cnty. Sheriff's Dep't*, 2015 U.S. Dist. LEXIS 26288, at *3 (S.D. Ill. Mar. 4, 2015). And alleged "inadequate investigation is not an actionable claim." *Everling v. Ragains*, No. 1:14-cv-00024-TWP-DML, 2015 U.S. Dist. LEXIS 36544, at *9, 11 (S.D. Ind. Mar. 23, 2015). "The claim that [a] prosecutor failed to investigate is not of constitutional dimension." *Simmons v. Wainwright*, 585 F.2d 95, 96 (5th Cir.

1978) ("[T]he allegation in the Complaint asserting that defendants did not adequately investigate do not give rise to a constitutionally cognizable claim.") (cited with approval by *Kompare v. Stein*, 801 F.2d 883 (7th Cir. 1986)). Even the victim of the crime itself (here, Plaintiff's son) has no "constitutional right to compel a criminal prosecution, and there is no private right of action for failure to bring a criminal prosecution." *Parker v. Dumesic*, No. 17-C-1083, 2018 U.S. Dist. LEXIS 234345, at *4 (E.D. Wis. Feb. 7, 2018) (internal citation omitted).

Similarly, the failure of law enforcement officials to arrest a suspect who is not known by them to pose a risk of harm against persons in police custody is not actionable as a matter of law. *See Rossi v. City of Chicago*, 790 F.3d 729, 745 (7th Cir. 2015) ("[Plaintiff] does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction . . . . [M]ere inactivity by police does not give rise to a constitutional claim."); *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasions by private actors. The Clause is . . . not [] a guarantee of certain minimal levels of safety and security . . . . [I]t's language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."); *Burr v. Hill*, 3-05-CV-1539-D, 2005 U.S. Dist. LEXIS 20330, at *17 (N.D. Tex. Sep. 16, 2005) ("[P]laintiff criticizes the officers for failing [to] arrest the suspect . . . . Such a claim is not actionable as a matter of law."). In sum, the Court can discern no constitutional violation alleged in Plaintiff's amended complaint. And to be liable under Section 1983, "an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v.*

*Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005); *see also Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002) (negligence or gross negligence do not suffice to give rise to liability under § 1983).

Lastly, as referenced above at n.3, Plaintiff's citation to Marsy's Law—Art. I, § 9m of the Wisconsin Constitution—similarly fails to provide her subject matter jurisdiction in this Court. While it appears that Plaintiff would constitute a "victim" for purposes of application of that provision,[4] it nevertheless is a matter of state law. It cannot form the basis for federal question jurisdiction. That amendment does provide that "the victim . . . may assert and seek . . . before any other authority of competent jurisdiction, enforcement of the rights in this section . . . ," but federal courts are not in the business of evaluating claims under state constitutions in the absence of diversity jurisdiction.

Having discerned no allegation of a constitutional violation nor one of federal law, the Court turns to diversity jurisdiction pursuant to 28 U.S.C. § 1332. Through diversity jurisdiction, the Court can hear state law claims such as NIED where the parties are completely diverse and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff has provided no sum of alleged damages. It is also not clear that the parties are diverse, considering that Plaintiff appears to be domiciled in Wauwatosa,

---

[4]The provision provides that a "victim" for purposes of its application is any "person against whom an act is committed that would constitute a crime if committed by a competent adult." It provides further that if that individual is deceased, "the person's . . . parent . . . ." may be considered the "victim" for purposes of the provision's application. Office of Open Government Advisory: Marsy's Law and Public Records, Wisconsin Department of Justice, https://www.doj.state.wi.us/news-releases/office-open-government-advisory-marsy%E2%80%99s-law-and-public-records (May 13, 2021).

Wisconsin and many of the Defendants named are officers of the State of Wisconsin (and from this, the Court assumes that at least some of them are also domiciled in Wisconsin). *See* 15A MOORE'S FEDERAL PRACTICE—CIVIL § 102.12 ("[D]iversity jurisdiction has been confined to cases of so-called 'complete diversity.' . . . Under this principle, diversity jurisdiction is confined to suits in which *all* plaintiffs are from different states from *all* defendants."). Based on the information before it, the Court cannot conclude that it has subject matter jurisdiction over this case. The Court will grant Plaintiff leave to file a second amended complaint to attempt to plead sufficient information to remedy this issue.

### 5.2 Immunity
#### 5.2.1 Eleventh Amendment Immunity

An additional issue with Plaintiff's claims is that of immunity. "[T]he Eleventh Amendment bars private parties' suit in federal court against states, state agencies, and state officials acting in their official capacity unless the state consents to the filing of such a suit." *Everling,* 2015 U.S. Dist. LEXIS 36544, *5–6 (internal citation omitted). Defendants named in the amended complaint are a mix of both City of Milwaukee and Milwaukee County employees. Plaintiff asserts claims against City of Milwaukee police and medical technicians, a Milwaukee County Medical Examiner's Office forensic investigator, a Milwaukee County Medical Examiner pathology specialist, and county-level District Attorneys and Assistant District Attorneys.

County and municipal (city) officers are not typically considered state officials for purposes of the Eleventh Amendment. *See* 17A MOORE'S FEDERAL PRACTICE—CIVIL § 123.23 ("[T]he Eleventh Amendment does not

Page 9 of 13
Case 2:22-cv-00931-JPS   Filed 01/20/23   Page 9 of 13   Document 11

bar a suit against a county or municipal official."). "The Seventh Circuit, however, has held that where a county officer is acting as an agent of the state, Eleventh Amendment immunity extends to those officers." *Shoulders v. Sheahan*, No. 01-C-4667, 2001 U.S. Dist. LEXIS 20986, at *7 (N.D. Ill. Dec. 17, 2001) (internal citation omitted). Whether that is the case here remains to be seen, at least as to some of the named Defendants. There is no question, however, that county-level attorneys and district attorneys are considered state employees for purposes of Eleventh Amendment immunity. *LaFaive v. City of Waukesha*, No. 21-cv-0486-bhl, 2022 U.S. Dist. LEXIS 63, at *11–12 (E.D. Wis. Jan. 3, 2022).

To the extent that Plaintiff is suing any state-employee Defendants in their official capacities as state officers, damages are barred by the Eleventh Amendment. *Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014). Plaintiff seeks damages, not injunctive relief. This the Eleventh Amendment will not allow. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987) ("[A] suit for prospective injunctive relief is not deemed a suit against the state and thus not barred by the Eleventh Amendment."). Therefore, to the extent that Plaintiff seeks damages from the county-level district and assistant district attorney Defendants in their official capacities, she may not do so.

### 5.2.2 Prosecutorial Immunity

To the extent Plaintiff seeks to sue the District and Assistant District Attorneys in their individual capacities, damages may well also be barred by absolute prosecutorial immunity. *Parker*, 757 F.3d at 706. It is said that "exposing prosecutors to civil liability for doing their job would 'prevent the vigorous and fearless performance of the prosecutor's duty that is

essential to the proper functioning of the criminal justice system.'" *Everling*, 2015 U.S. Dist. LEXIS 36544, at *7. Accordingly, "[p]rosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

However, the extent to which a prosecutor is protected by prosecutorial immunity "depends on the type of work he performed and the factual premises of the plaintiffs' claims." *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). "A prosecutor only enjoys absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id*. (internal citation omitted). "[A]bsolute immunity does not shield them from liability for actions that are not 'intimately associated with the judicial phase of the criminal process,' nor does it apply when they are performing non-prosecutorial actions, such as administrative and investigatory activities." *Archer*, 870 F.3d at 612.

Plaintiff seeks damages against the District and Assistant District Attorneys for their alleged failure to prosecute the suspected perpetrator of the crimes against her son. That is a decision that is "intimately associated with the judicial phase of the criminal process." *Id*. The decision to proceed with a prosecution, as well as the decision to forego prosecution, is "wholly protected by absolute prosecutorial immunity." *Hughes v. Krause*, No. 06-C-5792, 2008 U.S. Dist. LEXIS 32517, at *10 (N.D. Ill. Mar. 31, 2008) (internal citation omitted). Accordingly, to the extent Plaintiff wishes to sue District Attorney John T. Chisholm, Deputy District Attorney Bruce Landgraf, Assistant District Attorney Patricia Doherty, and Morgan County District Attorney Robert C. James for their decision(s) not to prosecute the

Page 11 of 13
Case 2:22-cv-00931-JPS   Filed 01/20/23   Page 11 of 13   Document 11

suspected perpetrator of the alleged crimes against her son, she may not do so.

Only if Plaintiff were to plead that these Defendants were acting as "investigator[s] rather than [as] prosecutor[s] at the time of" their alleged involvement could she proceed with claims against them. *Id*. at *11.[5] Her pleadings at this time do not allow for that inference. The Court will grant Plaintiff leave to amend to attempt to address the issue.

6. **CONCLUSION**

While the Court has identified several issues with Plaintiff's pleadings, the most pressing at this time is that of subject matter jurisdiction. The Court has identified no federal claim in Plaintiff's pleadings. Accordingly, Plaintiff has no federal question jurisdiction in this Court and must rely on diversity jurisdiction. But Plaintiff has not indicated her citizenship (her domicile) nor the amount in controversy (alleged amount of damages) for purposes of diversity jurisdiction. If Plaintiff can demonstrate neither federal nor diversity subject matter jurisdiction, she may not maintain her action in federal court.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended motion for leave to proceed *in forma pauperis*, ECF No. 8, be and the same is hereby **GRANTED**; and

---

[5] Even in such circumstances, those Defendants may still be subject to qualified immunity, but that is a discussion for another day. *See Lewis v. Zoeller*, No. 1:12-cv-1093-WTL-MJD, 2013 U.S. Dist. LEXIS 74463, at *10 (S.D. Ind. May 28, 2013) (qualified immunity becomes relevant for actions taken by a prosecutor in an investigatory role) (internal citation omitted).

**IT IS FURTHER ORDERED** that Plaintiff's motion for additional time to provide further records and evidence, ECF No. 9 be and the same is hereby **GRANTED**. By **February 10, 2023**, Plaintiff shall **FILE** a second amended complaint pursuant to the terms of this Order; failure to address the deficiencies discussed herein within the time allowed by the Court will result in dismissal of this action without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge